ADAMI, Appellant, *v.* MURPHY, Respondent.
No. 8559
Submitted June 11, 1945.   Decided December 7, 1945.
164 Pac. (2d) 150

(172)

Messrs. McCaffery & McCaffery, of Butte, for appellant.

Messrs. Meyer & Meyer, of Butte, for respondent.

MR. JUSTICE CHEADLE delivered the opinion of the court.

On consideration of the petition for rehearing, the following is substituted for the original opinion herein. Respondent has so earnestly contended that the original opinion incorrectly decided certain questions of law so as to repudiate prior decisions of this court, that we have re-examined the record so as to be as certain as may be that our conclusion was correct.

Action for the recovery of general and special damages for personal injuries resulting from a collision between an automobile owned by plaintiff, in which she was being driven by her son, and one operated by defendant. The complaint alleges negligence by defendant in the driving and operation of a Ford

coupe automobile at a high and dangerous rate of speed in an easterly direction along West Granite street, in Butte, Montana, while said street was in a hazardous condition because of an accumulation of ice and snow thereon, in violation of certain sections of ordinance No. 2029 of the Traffic Regulations of the city of Butte; that when said automobile came into close proximity of the automobile occupied by plaintiff, being driven in the opposite direction along said street, the defendant, instead of turning or keeping to the right, as required by said ordinance, suddenly, and without warning, drove the same over upon the north, or left, side of said street, and into and against the automobile in which plaintiff was riding, with the resulting injuries alleged.

Defendant's answer denies all acts of negligence alleged in the complaint. His first affirmative defense alleges that on the date of the collision the street in question, and particularly the southerly part thereof, was covered with snow and ice, and that it was possible for an automobile to ascend the hill on said street, in an easterly direction, only by following two ruts made by previous traffic, which ruts were covered with snow and ice and in a slippery condition; that as defendant's automobile, while being driven in a careful and prudent manner, reached a point in front of the residence numbered 625, it struck an icy and slippery spot in one of said ruts and slipped and skidded to the left in a northeasterly direction; that at said time and place one Arthur Adami, Jr., was driving plaintiff's automobile in a careless and negligent manner, in failing to keep same under proper control, or to keep a proper lookout ahead, and driving on that portion of the street being occupied by defendant's automobile; that plaintiff, by failure to protest, acquiesced in the acts of the driver, and was thus guilty of negligence. The second affirmative defense is similar to the first, with the added allegation that the driver of plaintiff's automobile was acting as her agent, servant or employee; that, acting through him, she was guilty of negligence which barred recovery.

Defendant's cross-complaint contains substantially identical

allegations of fact; alleges that plaintiff's automobile was, at the time and place mentioned, being driven by plaintiff's son, acting within the course and scope of his employment and upon the business of plaintiff; that plaintiff, acting through her agent, servant or employee, was negligent in the following respect:

Violation of Ordinance No. 2029 of the city of Butte, by driving her automobile in willful and wanton disregard of the safety of others; failing to keep the automobile under control; failing to keep a proper or any lookout to the front and into the course and path of defendant's automobile; driving her automobile onto that portion of the street then being used and occupied by defendant's automobile.

By reply plaintiff denies all negligent acts alleged in the answer.

By its verdict the jury found the issues in favor of the defendant and against plaintiff, and assessed defendant's damages, on his cross-complaint, in the sum of $3,000.

Plaintiff's motion for a new trial was based upon the grounds specified in sub-paragraphs 1, 2, 3, 6 and 7 of section 9397, Revised Codes. The motion was overruled.

The appellant assigns error in eight specifications, as follows:

1. The court erred in rendering judgment against the plaintiff.

2. Insufficiency of the evidence to justify the verdict, and that the verdict is against the law.

3, 4. Giving of instructions 30 and 35, over plaintiff's objection.

5. Refusal to grant plaintiff's motion for a new trial.

6. Surprise which ordinary prudence could not have guarded against.

7. Irregularity in the proceedings of the court and jury by which the plaintiff was prevented from having a fair trial.

8. Misconduct of the jury.

Instructions 30 and 35, requested by the defendant, and given, were as follows:

"30. You are instructed that the law places upon all persons the duty of exercising reasonable care to avoid injury, and even though the jury should believe, from the evidence, that the defendant was negligent and that plaintiff was injured thereby, if the evidence also shows that such injury would have been avoided by the exercise of ordinary care by said Arthur Adami, Jr., the driver of plaintiff's car, and that he did not exercise such care, you should find your verdict for the defendant on plaintiff's cause of action."

"35. You are instructed that, if plaintiff, Alma Adami, knew that her son, Arthur Adami, Jr., was driving the Packard sedan automobile, belonging to plaintiff, in a careless and negligent manner and plaintiff had the opportunity to insist that said Arthur Adami, Jr., desist from so operating said automobile, and failed to do so, but sat by without protesting and permitted herself to be driven by said Arthur Adami, Jr., in a careless and negligent manner, as alleged in the counterclaim and cross-complaint of defendant, and sat by without protesting and that by reason of such carelessness or negligence on the part of said Arthur Adami, Jr., he, said Arthur Adami, Jr., caused plaintiff's automobile, which the said Arthur Adami, Jr., was driving, to run into and collide with the Ford coupe driven by defendant, then plaintiff cannot recover herein upon her cause of action, and you must find your verdict thereon in favor of defendant."

The pertinent evidence may be summarized as follows: On the morning of the day of the injury, Arthur Adami, Jr., son of the plaintiff, drove plaintiff from their home to downtown Butte in her automobile. About noon he returned downtown in the automobile and picked her up, and it was while they were making the return journey home that the collision occurred.

Granite street, in the 600 block, in which the collision occurred, is 44 feet wide from curb to curb. In that block it has a grade or rise of nine per cent to the east, so that one proceeding to the east would be ascending, and one proceeding to the west would be descending, such grade. At the time of the collision the plain-

tiff was proceeding along said street in a westerly, and the defendant in an easterly, direction. There was considerable packed snow and ice on the street. The evidence tends to show that there was a center ridge of ice or packed snow, from 4 to 6 inches in height and from 2½ to 4½ feet in width. The traffic lane on the north side was free from ice and snow, but snow extended in a gradual slope from the edges of the traffic lane to the curb and to the ridge along the center line. There was more snow and ice on the south side of the street, and the east-bound traffic was confined to two ruts, the center ridge forming the north edge of the north rut. There were cars parked along the north curb, but their number and location does not clearly appear, except that the driver of plaintiff's car testified that at least one of them was between Crystal street (to the east) and the point of collision. The uncontradicted testimony is that plaintiff's car was traveling at a speed of 15 to 18 miles per hour as it passed the intersection of Crystal and Granite streets, and 12 to 15 miles per hour at the moment of impact. The plaintiff and her son estimated that when they first observed defendant's car, near the intersection of Clark and Granite streets, it was traveling at a speed of about 35 miles per hour, which speed, they say, was maintained until the moment of collision. Defendant testified that his car was in second gear as he ascended the hill, and that its speed was not more than 17 miles per hour.

Arthur Adami, Jr., and plaintiff testified that from a point slightly west of the intersection of Crystal and Granite they observed defendant's car swerve at the bottom of the hill, which would be approximately at the intersection of Clark and Granite. Defendant denies that his car swerved at that point, or until just before the collision. The evidence shows that plaintiff's car was in the west-bound traffic lane at all times, that is, to the right of the center line of the street as it proceeded to the west. Arthur Adami, Jr., and his mother estimated that the left wheels of the car were from 1½ to 3 feet north of the centerline. The evidence also establishes that at the moment of

178

collision plaintiff's car was to the north of the street centerline, on that portion of the street reserved for its use and where it had the right to be, and that at such moment the front part of defendant's car was to the north of the street centerline, on the portion of the street reserved for plaintiff's car, and where defendant's car had no right to be. The plaintiff and her son testified that the two cars were between 15 and 50 feet apart when defendant's car swerved to the left and started toward the north side of the street. Defendant estimated the distance between the cars at that time at about 100 feet, but said that it could be more or less. His testimony in this connection is in conflict with his previous statements that he had not observed plaintiff's car until that moment, that his vision to the front did not extend beyond 25 feet as he proceeded along the street, and that when his car swerved he was concentrating on restoring it to control. Giving full credence to defendant's testimony as to the speed at which his car was traveling, it is apparent that there was a lapse of not to exceed two seconds between the swerve of his car from its side of the street and the collision, which occurred on plaintiff's side of the centerline. It was not reasonably established wherein plaintiff's driver, then driving on the proper side of the centerline, could have, by the exercise of reasonable care, avoided the collision.

A careful examination of the record convinces us that there was a failure of proof of negligence on the part of either the plaintiff or her driver, as alleged in the cross-complaint. We think the evidence failed to establish negligence on the part of the plaintiff in the respects alleged, viz: (1) Driving her automobile in willful and wanton disregard of the safety of others; (2) failing to keep her automobile under control; (3) failing to keep a proper or any lookout to the front and into the course and path of defendant's automobile; or (4) driving her automobile onto that portion of the street then being used and occupied by defendant's automobile. That portion of the street referred to under allegation (4), in view of the evidence, is the portion reserved by the law of the road and by city or-

dinances for the use of west-bound vehicles, including plaintiff's car, and not for the use of east-bound vehicles, including defendant's car. In view of such failure of proof, we think the trial court was not justified in giving instruction No. 35, and that so instructing the jury constituted prejudicial error. We do not undertake to invade the province of the jury by weighing the evidence, but hold that as a question of law there was no evidence even tending to support the verdict or to justify that instruction. Under such circumstances our obvious duty, in the administration of justice, is to set aside the verdict and the judgment based thereon.

"It is true that, where the record presents a conflict in the evidence, resolved by the jury in favor of the plaintiff, the action of the jury precludes this court from disturbing the verdict (Burns v. Eminger, 81 Mont. 79, 261 Pac. 613; Pierce v. Safeway Stores, 93 Mont. 560, 20 Pac. (2d) 253; Wise v. Stagg, 94 Mont. 321, 22 Pac. (2d) 308), but this is true only when there is substantial evidence in the record to support the verdict and judgment. Cannon v. Lewis, 18 Mont. 402, 45 Pac. 572; State v. Slothower, 56 Mont. 230, 182 Pac. 270; Heckaman v. Northern Pac. R. Co., 93 Mont. 363, 20 Pac. (2d) 258. Substantial evidence is such as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence. Thomson v. Virginia Mason Hospital, 152 Wash. 297, 277 Pac. 691; Milford Copper Co. v. Industrial Comm., 61 Utah 37, 210 Pac. 993; Jenkins & Reynolds Co. v. Alpena Portland Cement Co., 6 Cir., 147 F. 641, citing Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485. See, also, the following decisions by this court: Black v. Martin, 88 Mont. 256, 292 Pac. 577; Carey v. Guest, 78 Mont. 415, 258 Pac. 236; Williams v. Thomas, 58 Mont. 576, 194 Pac. 500, where the above definition is recognized and applied." Morton v. Mooney, 97 Mont. 1, 33 Pac. (2d) 262, 265.

Respondent urges most sincerely that by appellant's failure

to object to certain instructions, or to move for judgment of nonsuit or dismissal as to the cross-complaint, or for a directed verdict, she, at least by inference, acquiesced in the theory of the case upon which it was submitted to the jury, and inferentially agreed that the question of plaintiff's negligence was properly submitted to the jury in support of defendant's cause of action. He cites Bilby v. Anglin, 158 Okl. 75, 12 Pac. (2d) 222, as authority for the rule that under such circumstances the sufficiency of the evidence to support the verdict cannot be questioned on appeal. In that case it is said: ''Where a party acquiesces in the submission of the issues to the jury without either demurring to plaintiff's evidence, or asking an instructed verdict, or otherwise attacking the sufficiency of the evidence, he cannot in this court successfully claim the evidence does not support the verdict, even though assigned in motion for a new trial as grounds therefor.''

We do not agree with the Oklahoma rule in this respect, and ▮ think the rule established in other jurisdictions, hereinafter mentioned, preferable. Insufficiency of the evidence to justify a verdict, or other decision, or that it is against law, is by statute in this state made a ground for granting a new trial. Such ground was included in the motion for a new trial here, which motion was overruled. It, therefore, cannot be said that such ground was not called to the trial court's attention and an opportunity provided for a review in this respect. And we think the court's ruling on the motion for new trial is reviewable whether or not other methods were first employed to call the insufficiency to the trial court's attention and provide an opportunity for ruling thereon. In such case the trial court is not put in error on a matter on which he had no opportunity to rule.

In Conrow v. Huffine, 48 Mont. 437, 138 Pac. 1094, it was held by this court, at least by inference, that insufficiency of the evidence to support a verdict may be questioned on motion for new trial, and reviewed by this court on appeal, without formal exceptions.

The rule that insufficiency of the evidence to support the verdict may properly be raised on motion for a new trial, in the absence of motion for a directed verdict, is discussed and affirmed in Foxley v. Gallagher, 55 Utah 298, 185 Pac. 775, and Law v. Smith, 34 Utah 394, 395, 98 Pac. 300. See also 4 C. J. S., Appeal and Error, sec. 299, p. 600, and cases cited.

In Pisani v. Martini, 132 Cal. App. 269, 22 Pac. (2d) 804, 806, it was held: ''Respondent does not dispute the claim of lack of such evidence, but contends that the point should have been raised on motion for nonsuit or for a directed verdict, or on proceedings for new trial, and that the question of the insufficiency of the evidence cannot be raised for the first time on appeal. We find no merit in respondent's contention. The issue as to the liability of Martini's wife was raised by her answer; and on her motion for new trial she urged the points that the evidence was insufficient to justify the verdict against her, and that said verdict and judgment were against law. She is entitled, therefore, to raise the question of the insufficiency of the evidence on this appeal.''

Undoubtedly it is wise for the trial lawyer, in cases where insufficiency of the evidence is relied upon to defeat opponent's claim, to timely move the court for nonsuit or directed verdict. But we think his failure to do so should not deprive a party of the right to have the question determined by the trial court on motion for a new trial, and reviewed on appeal from an adverse ruling.

Appellant's last three assignments of error are directed at the trial court's refusal to grant her motion for a new trial, insofar as such motion is predicated upon, (1) surprise which ordinary prudence could not have guarded against, (2) irregularity in the proceedings of the court and jury, and (3) misconduct of the jury. We hold that the showing made by appellant was insufficient to entitle her to a new trial on these grounds, or to require a holding of abuse of discretion by the trial court in refusing the motion. We further think, and so

hold, that appellant's suggestion of misconduct on the part of respondent's counsel is not warranted by the showing made.

We cannot agree with appellant that error was committed in giving instruction No. 30, on the ground urged, i.e., that it is an instruction on the last clear chance doctrine. It falls short of an enunciation of the elements and conditions essential to such doctrine, and, rather, amounts to an instruction on contributory negligence and proximate cause. We feel that this instruction, as given, might tend to confusion of the jury, and that accepted forms of instruction on the law of contributory negligence are preferable.

We have held that the trial court erred in giving instruction No. 35, quoted above, as unwarranted by the evidence. Other instructions with reference to recovery by the defendant on his cross-complaint, predicated upon a finding of negligence by the plaintiff, were, for the same reason, objectionable. Having permitted such instructions to be given without objection, appellant cannot now complain that they were prejudicial. Had they been objected to, we think the trial court should have withdrawn from the jury consideration of any finding for the defendant on his cross-complaint, leaving only for its determination a finding on plaintiff's cause of action. Other instructions fully and fairly defined the law on that question.

Unfortunately we cannot probe the mental processes employed by the jury in arriving at the verdict. It may have concluded, with respect to plaintiff's cause of action, either (1) that the defendant was not negligent; (2) that the defendant was negligent, but his negligence was not the proximate cause of the collision; or (3) that both parties were negligent, but that plaintiff's contributory negligence was the proximate cause of the collision. Since we have found that there was failure of proof of either primary or contributory negligence on the part of the plaintiff, we must hold that the question of negligence on her part was improperly submitted to the jury, and might well have influenced it to plaintiff's prejudice. In other words, we think that the only questions properly submitted to the jury under

the evidence adduced, aside from the amount of damages, were whether or not the defendant was negligent, and whether, if so, such negligence was the proximate cause of the collision.

The judgment is reversed and the cause remanded for a new trial.

Mr. Chief Justice Johnson and Associate Justices Morris, Adair and Angstman concur.