WIN DEL RANCHES, INC., A CORPORATION, AND FIREMAN'S FUND INDEMNITY COMPANY, A CORPORATION, PLAINTIFFS AND APPELLANTS, v. ROLFE AND WOOD, INC., A CORPORATION, AND ROBERT ARPIN, DEFENDANTS AND RESPONDENTS.

No. 9995.
Submitted February 8, 1960. Decided March 16, 1960.
350 Pac. (2d) 581.

Keister & Bennett, Bozeman, Lyman H. Bennett, Jr., Bozeman, argued orally for appellants.

Ben E. Berg, Jr., Bozeman, for Rolfe and Wood, Inc.

Arthur F. Thompson, Bozeman, for Robert Arpin.

Ben E. Berg, Jr., and Arthur F. Thompson, Bozeman, argued orally for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered on a jury verdict in favor of both defendants to the effect that plaintiffs have nothing by their complaint.

Plaintiff Win Del Ranches is a ranching corporation which operates a ranch five miles north of Ennis, Montana. Defendant Rolfe and Wood is an automobile dealer in Bozeman, Montana, which, in conjunction with its dealership, services and repairs automobiles. Defendant Arpin, at the time of this suit was their service manager.

Win Del Ranches was the owner of a 1956 Mercedes Benz, model 300 SL, automobile. On May 22, 1956, Frank Lichtenberg, president of Win Del Ranches, took this car to Rolfe and Wood for minor repairs. He spoke to both defendant Arpin and Mr. Rolfe, president of Rolfe and Wood, stating that he wished to leave the Mercedes and borrow a car with which to return to his ranch. What else was said during this conversation is in direct conflict.

Mr. Lichtenberg stated that he and Helen Simpson, who accompanied him talked with Arpin and Rolfe in the service section of Rolfe and Wood's garage. He was told that there was no car available at that time but that Rolfe would be glad to take him home. Lichtenberg replied that he didn't want to inconvenience them and would take the car back to the ranch himself, apparently intending to bring it into the garage at a later date. At this point Arpin suggested that the car could be picked up at the ranch and Rolfe said, in effect, that this was

all right with him. This version of the conversation was corroborated by Helen Simpson.

Rolfe denied that he agreed to have the car picked up and stated that he had two conversations with Lichtenberg, one in the garage and the other in his office. It was in the latter place that Lichtenberg requested the use of a car and was told by Rolfe that it was impossible economically to transport people that far away. The distance between Bozeman and the Win Del Ranch is approximately 50 miles. Rolfe also told Lichtenberg that he could not have the car picked up due also to the economics involved. Upon being told this, Lichtenberg left Rolfe's office. Arpin's testimony was that Lichtenberg requested permission to use a car and was told by Arpin that he would have to see Rolfe about this. Arpin further testified that upon Lichtenberg's return from the office he, Arpin, offered to pick the car up after work on May 25, and that he did this as a favor to Lichtenberg. The record shows that Rolfe and Wood did not pick up cars beyond a five mile radius of Bozeman except when they had to be towed in and that whenever a car was picked up this was done by the wash and grease man. Rolfe testified that he had forbidden Arpin to pick up cars.

Prior to May 25, Helen Simpson's Jaguar was being repaired by Rolfe and Wood and Arpin arranged to take another of Rolfe and Wood's employees and "road test" the Jaguar by driving it out to the Win Del Ranch where he would pick up the Mercedes and drive it back to Bozeman, his fellow employee driving the Jaguar back. Rolfe said that he saw the two men leave but assumed that they were going to "road test" the Jaguar and that a "road test" connoted driving no more than 2-3 miles out of Bozeman. The gas which was used for this trip was charged to Helen Simpson.

Arpin drove the Jaguar out to the ranch, arriving about 6:00 o'clock p. m. While there he was offered, and accepted, one highball containing about one ounce of whiskey. He left the ranch driving the Mercedes at about 7:00 o'clock p. m.

Instead of taking the most direct route back to Bozeman, Arpin and the other driver took a circuitous route which involved traveling part of the way on the Camp Creek road. Arpin testified that the reason for this was the construction on the main route. While the two cars were traveling on the Camp Creek road, they came upon a curve as they approached a bridge over Camp Creek. The Jaguar negotiated the curve and the bridge but Arpin, as he came around the curve, thought that the Mercedes was sliding and when he corrected for the slide he over-corrected and drove the car into Camp Creek and onto some large boulders, thereby causing an extensive amount of damage. The accident was investigated by the Highway Patrol and Arpin was charged with, and later pleaded guilty to, reckless driving.

Plaintiff Fireman's Fund Indemnity Company had insured the Mercedes and paid the claim to Win Del Ranches, becoming subrogated to any cause of action which Win Del might have against the defendants. The basis of the action was the negligence of Arpin while acting in the course and scope of his employment. The two defendants answered separately and were represented by different counsel at the trial. Rolfe and Wood alleged in their answer that Arpin was not acting in the course and scope of his employment and the testimony which they introduced at the trial went mainly to this issue. Arpin alleged contributory negligence on the part of Win Del Ranches by reason of having faulty headlights on the Mercedes and giving him (Arpin) the drink of whiskey. He also alleged assumption of risk by Win Del due to the fact that the Mercedes was a high-powered automobile, constructed differently than American cars and defendant Arpin had never driven a Mercedes, all of which plaintiff Win Del Ranches was aware of when Arpin was instructed to drive the car back to Bozeman.

During the course of the trial, plaintiffs made a motion to amend the pleadings to conform to the proof in the case. The court granted this motion and the case was submitted to the jury

on a theory of bailment, Win Del being the bailor and Arpin the employee of the bailee Rolfe and Wood. The question of whether or not Arpin was acting in the course and scope of his employment was, however, still a controlling issue in the case.

Plaintiffs' specifications of error may be grouped into two questions: (1) Whether the evidence was sufficent to justify the verdict; and (2) Whether it was error to instruct the jury that the defenses of contributory negligence and assumption of risk were available to defendant Rolfe and Wood when these defenses had not been pleaded by this defendant.

Though the evidence is in conflict, there is sufficient evidence from which the jury could determine that Arpin was not acting within the scope and course of his employment. This evidence, when viewed in the light most favorable to Rolfe and Wood, sustains such a conclusion. There is substantial evidence to support this result and we will not overturn a judgment which is based on substantial albeit conflicting, evidence. Jessen v. O'Daniel, 136 Mont. 513, 349 Pac. (2d) 107.

A more difficult question is presented when we seek to determine whether either of Arpin's affirmative defenses is supported by substantial evidence. As this court has recently stated, substantial evidence is evidence that "will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence." Sands v. Superior Buildings Co., 136 Mont. 531, 349 Pac. (2d) 314, quoting from Adami v. Murphy, 118 Mont. 172, 179, 164 Pac. (2d) 150, 153.

In the instant case, all reasonable men would be forced to conclude that giving a person who is about to drive your car only one ounce of whiskey does not constitute contributory negligence. Furthermore, reasonable men would differ, and with reason, regarding the proof of assumption of risk. Arpin alleged that he was unfamiliar with this foreign

sports car and that he had never driven it before. At the trial Arpin admitted that he had driven the Mercedes before at the Rolfe and Wood shop, and it is undisputed that on the day the accident occurred he drove a Jaguar sports car, which is not significantly different from a Mercedes, out to the Win Del Ranch. Also his position as an automobile agency service manager would indicate more than lay knowledge of automotive vehicles generally. These factors, coupled with Arpin's plea of guilty to the reckless driving charge, would convince reasonable men that Arpin failed to establish either assumption of risk or contributory negligence on the part of plaintiff, Win Del Ranches.

Arpin alleged that an additional factor which contributed to both the contributory negligence and assumption of risk defenses was the failure to provide the Mercedes with lawful and sufficient headlights. It was established at the trial that one beam of one headlight was out. The importance of this factor is negligible in view of the fact that Arpin left the Win Del Ranch about 7:00 o'clock p. m. and the sun did not set until 8:00 o'clock p. m. on May 25, 1956. Headlights do not have to be lighted until one-half hour after sunset. R.C.M. 1947, section 32-21-115. This section is subject to certain exceptions when there is insufficient light or unfavorable atmospheric conditions but neither of these factors was shown to exist in this case. Arpin, therefore, had one and one-half hours in which to drive to Bozeman without using his headlights. In view of this fact, the absence of one beam of one headlight does not establish either contributory negligence or assumption of risk on the part of Win Del Ranches.

It was not error in this case to instruct the jury generally on the issues of contributory negligence and assumption of risk, without limiting them solely to Arpin who had pleaded them. The Supreme Court of California had this question before it in Freeman v. Churchill, 30 Cal. (2d) 453, 183 Pac. (2d) 4, 9, wherein the court stated that "It would be anoma-

lous to say that if they were sued separately the judgment exonerating the employee would be res judicata in a subsequent suit against the employer where he would make no plea except res judicata, but would not where they are both sued in the same action and the employer fails to plead the defense. * * * It may well be said that, although it is generally true that the defense of one defendant does not inure to the benefit of his codefendants, in situations such as where the liability is predicated upon *respondeat superior* and the defense raised by the employee (the codefendant being the employer) is not personal to him but goes to the merits of the case * * * the defense pleaded by the employee inures to the benefit of the employer.''

Where the plaintiff pleads concurrent negligence of both employer and employee the above rule would not be applicable. See Jensen v. Southern Pacific Co., 129 Cal. App. (2d) 67, 276 Pac. (2d) 703.

In the instant case, however, the negligence pleaded is that of defendant Arpin and not that of defendant Rolfe and Wood. Rolfe and Wood could only be liable on the basis of *respondeat superior*. The defenses of contributory negligence and assumption of risk inured to the benefit of Rolfe and Wood in spite of the failure to plead them.

Plaintiffs' affidavits in support of their motion for a new trial go mainly to the negligence of Arpin and need not be considered under the view which we have taken of the case. The only statement which applies to the agency issue is an affidavit by the highway patrolman who investigated the accident to the effect that Arpin had told him immediately after the accident that he was road testing the Mercedes and that he was the service manager for Rolfe and Wood. It appears from the affidavit that these statements were made independently of each other. The requirements of a motion for a new trial on the ground of newly discovered evidence are set out in Kerrigan v. Kerrigan, 115 Mont. 136, 139 Pac. (2d) 533.

The motion for a new trial, as to Rolfe and Wood, is deficient in three respects: (1) The evidence tends to be cumulative; (2) It does not seem to be so material that it would produce a different result upon another trial; and (3) It tends to impeach the credit of a witness.

The judgment is affirmed as to defendant Rolfe and Wood and reversed as to defendant Robert Arpin with instructions to the district court to grant plaintiffs a new trial against the defendant Robert Arpin.

It is so ordered.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ADAIR concur. Mr. Justice Angstman being absent took no part in the hearing or determination of this appeal.