A. A. CAMPEAU, Plaintiff v. THOMAS R. LEWIS, Defendant. PAUL CAMPEAU, a minor, by and through A. A. CAMPEAU, his Guardian Ad Litem, Plaintiffs and Respondents, v. THOMAS R. LEWIS, Defendant and Appellant.

No. 10450
Submitted November 9, 1964. Decided February 10, 1965.
398 P.2d 960.

Loble & Picotte, Helena, Patrick F. Hooks, Townsend, argued orally, for appellant.

Small & Cummins, Helena, Robert T. Cummins, Helena, argued orally, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order granting a new trial following entry of judgment upon a jury verdict in the district court of Broadwater County.

The case involves an automobile collision near the T-intersection of the "Hassel Road" with U.S. Highway 287 about one mile north of Townsend, Montana, which occurred at about 8:00 p.m. on September 18, 1959. The plaintiff's son, Paul Campeau, was proceeding north on the highway with Miss Jean Greaves, his date for the evening. They were passing the time until a social event would begin back in Townsend, and intended to drive out the highway and then turn around and go back to town. The defendant, Thomas Lewis, and his son were driving behind young Campeau in their pickup truck on their way back to Helena. The area of the accident is about 150 feet north of a bridge across the Missouri River where the

"Hassel Road" joins the highway on the west side. Between the bridge and the "Hassel Road," to the west of the highway, is an area that may be used for turning around. In addition, the area to the east of the highway here is also somewhat usable for this purpose. The record indicates that this is not a conventional turn around area but only a widening of the shoulder of the highway that is popularly used, at least by the high school students, for turning around. On the right side travelling northerly it is a widening of the shoulder, on the left hand side it is a widening of the shoulder also but it is necessary to drop down off the paved highway and onto the cleared area.

The undisputed sequence of events is that young Campeau proceeded across the bridge with Lewis some distance behind. Campeau slowed up and pulled to the righthand side of the road so that his right wheels were entirely off the pavement. Because Campeau slowed up, and moved to the right Lewis, who was driving at about 50 miles per hour, approached from behind and drifted towards the centerline to pass Campeau. Just as Lewis made his move to go by Campeau, Campeau swung to the left to pull off to the left or west side of the highway. Lewis and Campeau collided. Other undisputed facts are that there were no other vehicles on the highway at the time, the visibility was good, and neither driver was intoxicated.

The disputed facts involve whether Campeau had signalled for a left turn with his directional lights, whether Lewis was driving too fast, whether Lewis crossed the center-line to pass, and whether Campeau was aware of the car behind him. All of the evidence was presented to the jury and a unanimous verdict was returned in favor of the defendant. The next day District Judge Victor H. Fall ordered a new trial for the plaintiffs. The action was taken on the judge's own initiative pursuant to Rule 59(d), M.R.Civ.P.

The defendant assigns as error the granting of a new trial by the court upon the grounds stated in its order that the verdict was not supported by any substantial evidence, that

there was insufficient evidence to justify the verdict, and that the verdict was against the law contained in the instructions.

Rule 59(d), M.R.Civ.P., permits the trial judge to order a new trial on his own initiative for the same reasons one could be ordered pursuant to motion. Section 93-5603, R.C.M. 1947, sets forth the grounds available and the order in the instant case is consistent with that section, and is subject to the same interpretations as expressed in our previous opinions on motions for new trial before adoption of the rule as expressed in Adami v. Murphy, 118 Mont. 172, 164 P.2d 150; Estate of Cocanougher, 141 Mont. 16, 375 P.2d 1009, and cases therein cited.

As we stated in State ex rel. Cline v. District Court, 142 Mont. 278, 384 P.2d 490, the purpose of Rule 59(d) is to give a trial judge power to prevent what he considers a miscarriage of justice.

Appellant cites Hinton v. Peterson, 118 Mont. 574, 169 P.2d 333, wherein this court held that the trial court's discretion is exhausted when substantial evidence is found in support of the verdict. That case is not, in our opinion, in conflict with the cases cited by respondent requiring a showing of abuse of discretion before the appellant court may disturb the ruling of the trial court. Tripp v. Silver Dyke Mining Co., 70 Mont. 120, 224 P. 272; Love v. McDonnell, 65 Mont 482, 211 P. 211; and State Highway Comm'n v. Barovich, 142 Mont. 191, 382 P.2d 917. The Tripp, Love and Barovich cases hold that the appellate court may not disturb the finding of the trial court without a showing of abuse of discretion, whereas the Hinton case merely defines one instance of abuse of discretion to be the granting of a new trial when there is substantial evidence to sustain the verdict.

Turning to the alleged abuse of discretion in granting the new trial on the ground of insufficient evidence to support the verdict, there are only a few Montana cases which cast any light on what is meant by "insufficient evidence."

The court has consistently held that the evidence is not insufficient if it is substantial. Adami v. Murphy, 118 Mont. 172, 164 P.2d 150. In the Adami case, the court, quoting from Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, held that "substantial evidence" could be defined as such " 'as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence.' " 118 Mont. 172, at page 179, 164 P.2d at page 153. The evidence may be inherently weak and still be deemed "substantial," and one witness may be sufficient to establish the preponderance of a case. Batchoff v. Craney, 119 Mont. 157, 161, 172 P.2d 308. Also, substantial evidence may conflict with other evidence presented. Win Del Ranches v. Rolfe and Wood, Inc., 137 Mont. 44, 49, 350 P.2d 581. We think these cases dealing with substantial evidence clearly outline the meaning of "insufficient evidence" in the statute. The jury is delegated the task of finding the facts. Their verdict is based upon their findings. The trial judge, however, has the discretion to prevent a miscarriage of justice by granting a new trial if there is an insufficiency of evidence to support the verdict. We have reviewed the evidence presented in the instant case and cannot agree with the trial judge that "substantial evidence" has not been presented on defendant's behalf or in support of a verdict for him.

The plaintiff sought to establish negligence on the part of the defendant in the following particulars: (1) that he tried to pass within 100 feet of an intersection; (2) that he crossed a double yellow (no passing) line to do so; (3) that he drove at excessive speed; and (4) that he had defective vision. Ignoring for the moment the testimony of the defendant or his son it still is reasonable to conclude from the evidence that Lewis only crossed the center-line to avoid hitting Campeau and not to pass him. As to the allegation regarding speed, it

is evident that Lewis was not in violation of the maximum speed law because no witness judges his speed to have been in excess of 55 miles per hour. The final allegation concerns the fact that defendant had only one eye. He did, however, show that he was licensed to drive and had a valid Oregon driver's license. The plaintiff has relied very heavily on testimony that the Campeau car had the left turn signal on. This is repeatedly alluded to in both the transcript and respondent's brief. However, it is also clear and undisputed that Campeau had pulled half-way off to the right hand side of the road to "wind up" for the turn. The jury might well have believed that the reasonable appearance this would give to one following is that the car was pulling off to the right. It is not unreasonable to visualize a party turning on the wrong blinker. While we do not assume this to have happened still we cannot ignore the logic of this in considering the factual issues here. In addition, one cannot read the transcript without getting the impression that Campeau was not going to turn left so much as he was going to make a wide U-turn and return to town. The defendant denies seeing the left turn signal, but even if it could be shown that he did see it he reasonably could conclude that the car ahead had pulled half way onto the shoulder to turn to the right or park. Because of these and other observations we cannot see where it is so clear from the evidence that the defendant could not have a verdict. While it may well be that the defendant is negligent and the plaintiff free from contributory negligence still this is not so patently obvious from the evidence that it is unreasonable for the jury to find for the defendant.

■ ■ Several of the cases cited by the respondent deal with a denial of a motion for a new trial and then an appeal to this court. In such cases the court has been somewhat reluctant to set aside an act of discretion of the trial judge. In the Tripp case, supra, for example, this court refused to disturb the trial judge's decision to deny the motion for a new trial.

However, in the instant case the trial judge did grant a new trial, thereby choosing not to follow the finding of the jury. When the trial court denies a motion for a new trial and thereby indicates faith in the jury verdict we are more apt to refrain from disturbing that order than where the trial judge sets aside the jury's findings and requires that the facts be decided again. Where the trial judge is presented with evidence in favor of the verdict, but proceeds to grant a new trial, we feel it is our duty to test the evidence against the verdict. We respect the discretion of the trial judge, but are of the opinion that in this case he was unreasonable in granting the new trial. Of course, the advantageous position of the jury to resolve the facts does not remain when they return an "incredible" verdict. Casey v. Northern Pacific Ry. Co., 60 Mont. 56, 198 P. 141; Cf. Adami v. Murphy, 118 Mont. 172, 164 P.2d 150, where the verdict for the defendant was an incredible one. However, in the instant case there is nothing incredible about the verdict for the defendant.

It was also argued that the trial judge was in error in granting a new trial on the stated ground that the jury verdict was against the law as contained in the instructions. We have reviewed the instructions and are of the mind that they clearly and correctly present the law governing the case.

By the instructions a verdict for either the plaintiff or the defendant was permissible.

The order granting a new trial in this case is set aside and annulled.

MR. JUSTICES JOHN CONWAY HARRISON, ADAIR, DOYLE, and CASTLES concur.