PHILLIP L. KINCHELOE, Guardian ad litem of SHERRY R. KINCHELOE, a minor, Plaintiff and Respondent, v. WILLIAM L. RYGG, d/b/a R & B Drive-In, Defendant and Appellant.

No. 11120.
Submitted November 18, 1969. Decided December 3, 1968.
448 P.2d 140.

David L. Jackson (argued), Helena, for defendant and appellant.

Lloyd Skedd (argued), Helena, for plaintiff and respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This case involves an action for personal injuries by a patron against the owner of a drive-in restaurant arising out of an assault upon her while sitting in a car in the parking area. Following a jury verdict for defendant in the district court of Lewis and Clark County, the trial court granted a new trial on its own motion.

The principal question on this appeal is whether the trial court abused its discretion in granting a new trial upon the ground of insufficiency of the evidence to support a verdict for defendant. We hold that it did and reverse the order granting a new trial.

The incident forming the basis of this suit occurred at about 12:30 a.m. on March 21, 1964 in the parking area of the "R & B Drive-In" in Helena. Plaintiff, a high school girl, left home about midnight to pick up her brother, Larry, at the Civic Center dance. On the way there she stopped at the drive-in and ordered hamburgers for her mother and herself. After placing the order, she drove on to the Civic Center and picked up her brother and two friends, Ted Flynn and Kathy Tidball, all of whom got in the back seat of the car she was driving. Plaintiff then drove the car back to the drive-in to get the hamburgers she had previously ordered. The parking lot was full so plaintiff drove into the parking area behind a couple of parked cars and, after being advised by the girl "car hop" that her hamburgers would not be ready for another ten minutes, pulled her car up to the curb exit onto Helena avenue and waited for the traffic to clear so that she could drive out.

While plaintiff was so stopped, a large crowd, including Ed Wenger and Pat Russell, gathered around the car and both doors on the left side of the car were opened. Pat Russell struck plaintiff in the face, knocking her down into the seat, and then tried to hit her brother, Larry, in the

back seat. Meanwhile, Ed Wenger tore Larry's shirt off, kicked him in the face and arms, and tried to drag him from the car. The occupants of the car finally got the car doors shut and locked. As plaintiff drove off Wenger, with profane language, kicked the door of the car leaving his footprint thereon. The assault was entirely unprovoked.

The evidence at the trial indicated that earlier in the evening Wenger and Russell had been drinking beer at a "keg party" in the hills outside Helena with a group of other "high school kids". Sometime around 8:30 in the evening the participants in the "keg party", some 15 or 20 in all, returned to town. They went to the drive-in where they parked their cars in the parking lot and "just got out of the cars and congregated and talked". Wenger and Russell were "drunk" and remained in the parking lot most of the evening up to the time of the assault.

Plaintiff, through her father as her guardian ad litem, instituted suit against William L. Rygg, the owner and operator of the drive-in, to recover damages for personal injuries. She claimed negligence on his part in several particulars, the gist of which was permitting rowdy, boisterous, quarrelsome, intoxicated and dangerous patrons to remain on the premises, failure to eject them, and failure to employ sufficient personnel to control them. The defense was substantially a general denial.

Trial began on November 10, 1965 and the jury returned a 10-2 verdict for defendant. After the verdict was read and filed in open court and the jury polled, the trial judge entered the following order from the bench:

"Gentlemen, this court grants a new trial on its own motion for the verdict is opposed to the weight of the evidence; it is opposed to all of the evidence. Court is in recess."

This appeal by defendant is from this order of the court granting a new trial.

Defendant presents two issues for review upon this appeal:

(1) Did the trial court abuse its discretion in granting a new trial on the ground of insufficiency of the evidence to support the verdict? (2) Did the trial court abuse its discretion and deny defendant "due process of law" by the summary manner in which it granted a new trial on its own motion.

The paramount issue this appeal is the first issue, indicated above. Rule 59(d), M.R.Civ.P., as it read at the time of trial of this case, provided:

"Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

A new trial may be granted on application of the aggrieved party for insufficiency of the evidence to justify the verdict. Section 93-5603(6), R.C.M.1947.

The meaning of insufficient evidence within the purview of the statute authorizing the granting of a new trial has been previously expressed in Campeau v. Lewis, 144 Mont. 543, 398 P.2d 960, wherein this Court, speaking through Mr. Chief Justice James T. Harrison, stated:

"The court has consistently held that the evidence is not insufficient if it is substantial. Adami v. Murphy, 118 Mont. 172, 164 P.2d 150. In the Adami case, the court, quoting from Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, held that 'substantial evidence' could be defined as such ' "as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence." ' 118 Mont. 172, at page 179, 164 P.2d at page 153. The evidence may be inherently weak and still be deemed 'substantial,' and one witness may be sufficient to establish the preponderance of a case. Batchoff v. Craney, 119 Mont. 157, 161, 172 P.2d 308. Also, substantial evidence may con-

flict with other evidence presented. Win Del Ranches [Firemen's Fund, Inc.] v. Rolfe and Wood, Inc., 137 Mont. 44, 49, 350 P.2d 581. We think these cases dealing with substantial evidence clearly outline the meaning of 'insufficient evidence' in the statute."

■■ Although the granting of a new trial for insufficiency of the evidence is a discretionary power of the trial court which will not be disturbed except for abuse of discretion, the trial court's discretion is exhausted when it finds substantial evidence to support the verdict. Hinton v. Peterson, 118 Mont. 574, 169 P.2d 333.

■ Applying the foregoing principles to the instant case, is there substantial evidence to support the verdict for defendant? It must be noted at the outset that the basis of plaintiff's claim for relief is the assault upon her by Pat Russell for which she seeks to hold the owner and operator of the drive-in liable. Plaintiff's right to damages against Pat Russell is not involved in this case; nor is her brother's right to damages against Ed Wenger for the latter's assult upon him involved here.

The uncontradicted evidence shows that no one other than Pat Russell assaulted or injured plaintiff. It is likewise uncontradicted that such assault was totally and entirely unprovoked.

Testimony of Howard Voiles, Assistant Principal of Helena High School where Pat Russell was enrolled, indicated that he did not have a reputation of being a quarrelsome boy or dangerous in any respect. Pat Russell's sister testified that she had never known him to be quarrelsome and do things like this. Ed Wenger testified that Pat Russell and he had never earlier that night or on any previous occasion tried to force their way into cars down at the drive-in. William L. Rygg, the owner and operator of the drive-in, testified that Pat Russell had never been in any trouble at the drive-in to his knowledge.

Other evidence indicated that the entire incident was a "spur-of-the-moment" affair lasting from three to ten minutes according to various witnesses. Apparently no one anticipated the incident in advance, not even the participants themselves.

. The trial judge instructed the jury that "a proprietor of a place of business must use ordinary care to protect invitees or business visitors against the dangers which may be caused by the negligent or wrongful acts of his customers, or other persons, where he has reasonable cause to anticipate the wrongful or negligent acts and the probability of injury therefrom". The jury was also instructed that "in the exercise of reasonabls care, a proprietor of a place of business has the duty to police his public place and to furnish a sufficient number and kind of servants or employees to afford reasonable protection to his invitees or business visitors, if the place is one, or the character of the business is such, that the proprietor should anticipate the presence thereon of disorderly persons generally or at any particular time." These instructions became the law of the case.

Under the foregoing evidence and instructions the jury could reasonably find that the defendant exercised ordinary care to protect his patrons from injury by others, that he had no reasonable cause to anticipate the "spur-of-the-moment" unprovoked assault involved here, and that he had sufficient employees to afford his patrons reasonable protection.

Of course, there is other evidence indicating the contrary. This conflicting evidence in no way affects the substantial character of the evidence supporting the verdict. Under the evidence in the instant case, a verdict for either the plaintiff or the defendant would be possible. The jury simply gave more weight to the evidence favorable to defendant.

For the foregoing reasons, we hold that there is substantial evidence supporting the jury verdict for defendant and that the trial court abused its discretion in granting a new trial

to plaintiff. In view of this holding no useful purpose would be served in considering defendant's second issue assigned for review.

The order granting a new trial is reversed and the cause remanded to the district court for entry of judgment on the verdict.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and CASTLES concur.

MR. JUSTICE JOHN CONWAY HARRISON (dissenting):
I dissent.