No. 11868

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

ROBERT C. GREENE,

Plaintiff and Respondent,

-vs-

KNAPP'S SERVICE, INC., et al.,

Defendants and Appellants.

---

Appeal from:   District Court of the First Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Small, Cummins and Hatch, Helena, Montana.
Floyd O. Small and Robert Cummins argued, Helena,
Montana.

For Respondent:

Lloyd J. Skedd argued, Helena, Montana.

---

Submitted:   January 22, 1973

Decided: FEB 2 8 1973

Filed: FEB 2 8 1973

Thomas J. Kearney
                                        Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court of the first judicial district, county of Lewis and Clark, granting plaintiff a new trial. A new trial was ordered following a jury verdict denying an award of damages in an action for personal injuries arising out of an automobile accident. The basis of the order was insufficient evidence to support the verdict. From the order granting a new trial, defendants appeal.

The record discloses plaintiff, Robert C. Greene, a shoe polish salesman from Seattle, Washington, arrived in Helena by plane on October 13, 1963. He rented an automobile from defendant Rent-A-Car Inc., which is a licensee of defendant Hertz Corporation. The rental was made through Rent-A-Car's agent in Helena, which at that time was defendant Knapp's Service, Inc. The automobile rented to Greene was a 1963 Studebaker Hawk. After renting the automobile, Greene drove to the Placer Hotel where he was staying. He then drove the automobile from the hotel to a laundromat on Eleventh Avenue in Helena, where the accident in question took place. Greene testified that during the course of the drive to the laundromat he had no trouble with the brakes. Upon arriving at the laundromat he stopped the car in the parking area and left the automobile's automatic transmission in the drive position. He testified that he did pull out the emergency or hand brake. As he started to get out of the automobile it began to roll backwards. Greene testified:

> " * * * so I put the hand brake on, opened the door,
> stepped out with my left foot and took my foot off the
> brake pedal. I had already pulled this out as far as
> it would go, took my foot off the brake pedal, and
> I was I'd say half way out of the car, stepped out
> and the car started to slide backwards. I couldn't
> get back in, and I tried to hold it with my shoulder
> and the car probably weighed two tons, and the next
> thing I knew I was down, oh, at least as far as from
> me to Mr. Skedd, only a little further * * *."

The car rolled across Eleventh Avenue and came to rest against a tree. Greene retrieved the automobile and drove back into the parking lot. After placing his laundry in one of the machines at the laundromat, he called Knapp's Service and reported the accident. Knapp's apparently

reported the accident to the police as a few minutes later Sergeant Goodale, now Captain Goodale, arrived at the scene. Goodale testified that after learning what had happened he tested the hand brake and the automobile rolled back a few feet. Captain Goodale took Greene to the hospital. As a result of the accident Greene received injuries to his left foot, right leg and shoulder. The automobile was taken back to Knapp's Service where the hand brake was examined by an employee.

The sole issue on appeal is whether it was an abuse of discretion for the district court to grant a new trial.

The granting of a new trial is governed by statute. Section 93-5603(6), R.C.M. 1947, provides that a new trial may be granted for:

"Insufficiency of the evidence to justify the verdict or other decision, or that it is against law * * *."

Apparently it was on this basis the new trial was granted. Although the court's order sets out no specific reason, the motion by plaintiff's counsel alleged there was insufficient evidence to support the verdict.

This Court's task in reviewing the actions of the district court has been recently restated in Staggers v. United States Fidelity and Guaranty Co., 159 Mont. 254, 496 P.2d 1161, 1163, 29 St.Rep. 357, wherein we held:

"In Campeau v. Lewis, 144 Mont. 543, 547, 398 P.2d 960, 962 (1965) we stated: 'The court has consistently held that the evidence is not insufficient if it is substantial. Adami v. Murphy, 118 Mont. 172, 164 P.2d 150. In the Adami case, the court, quoting from Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, held that "substantial evidence" could be defined as such "'as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence.'" 118 Mont. 172, at page 179, 164 P.2d at page 153. The evidence may be inherently weak and still be deemed "substantial", and one witness may be sufficient to establish the preponderance of a case. Batchoff v. Craney, 119 Mont. 157, 161, 172 P.2d 308. Also, substantial evidence may conflict with other evidence presented. Win Del Ranches, Inc. v. Rolfe and Wood, Inc., 137 Mont. 44, 49, 350 P.2d 581. We think these cases dealing with substantial evidence clearly outline the meaning of "insufficient evidence" in the statute. The jury is delegated the task of finding the facts. Their verdict is based upon their findings. The trial judge, however, has the discretion to prevent a miscarriage of justice by granting a new trial if there is an insufficiency of evidence to support the verdict.'"

In this cause Greene and Captain Goodale testified the brake did not work. Four defense witnesses testified the hand brake was in perfect working order, three of whom had experience in auto mechanics. Robert Trollope, an employee of Knapp's Service, testified that he picked the automobile up the night of the accident and that he checked the hand brake and found it in working order. The manner in which he tested the brake was by parking it on an incline near the service station then setting the hand brake and leaving the car in gear. He stated the only way the automobile would move in this manner was if the motor was running and he tried to move it. The automobile was left overnight in this position and it did not move.

George Miller, an employee of Rent-A-Car Inc., performed the same test the next morning after learning the facts of the accident from Greene. It was his testimony the automobile would only move with the hand brake set if the motor was running and the car in gear. The automobile was taken to Great Falls where the emergency or hand brake was checked by two mechanics employed by Rent-A-Car Inc. Both testified they found no defect in the brake. The jury was instructed that it was not bound to find any fact by the number of witnesses produced as opposed to only one witness. It can be presumed that it chose to believe the defense witnesses.

There was also the testimony of Captain Goodale that at the time of the accident Greene told him he was already out of the car and when he saw it start to roll he tried to get back in. In trying to do so, the open door knocked him down.

We hold the trial court abused its discretion in determining that there was an insufficiency of evidence to support the verdict.

Defendants argue there was sufficient evidence upon which the jury could find that Greene's injuries were not caused by the accident and thereby deny him recovery. In light of what we have said heretofore we observe no need to discuss that issue.

The order granting the new trial is reversed and the district court

is directed to reinstate the jury verdict.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices

- 5 -