No. 12404

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA, acting by and
through THE STATE HIGHWAY COMMISSION
OF THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

BENTON H. ARMS and PATRICIA L. ARMS,
husband and wife, WILLIAM BRADSHAW, Mortgagee,
CHEVRON OIL and D. E. ALDER,

Defendants and Respondents.

---

Appeal from:   District Court of the Second Judicial District,
               Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

   For Appellant:

      Harry C. Alley and James R. Beck, argued, Helena,
      Montana

   For Respondents:

      Corette, Smith and Dean, Butte, Montana
      Dolphy O. Pohlman, Jr. argued, Butte, Montana
      Kendrick Smith appeared, Butte, Montana

---

Submitted:   September 27, 1973

Decided:   JAN 4 1974

Filed: JAN 4 1974

*Thomas J. Kearney*
                                              Clerk

Honorable LeRoy L. McKinnon, District Judge, sitting in place of Mr. Justice John C. Harrison, delivered the Opinion of the Court.

This is a highway condemnation proceeding. Respondents' land is located near Divide, at the intersection of old U. S. Highway No. 91 and Montana Route No. 43. Located on the part nearest the highway is a structure containing a bar, living quarters and a cafe. Next to this is a small service station and at the rear of the property are three trailer pads with trailers and one small rental house. The State's taking removed the bar-cafe-living quarters building and the service station. The State paid respondents some $25,000 after negotiations. The briefs do not make clear the nature of the payment, but at least respondents were to accomplish some work--removal of buildings and installation of a water supply prior to a certain date--in return for the money.

At trial respondent Arms testified that his compensation for the taking should be $78,000. His expert, Bender, said $64,000. The State's experts, Hoover and Howe, testified to $19,650 and $22,873 respectively. Judge Freebourn's jury instruction #20 said that the jury could award no less than $25,000 as compensation, and #21 said the verdict could be no higher than $78,000, the highest valuation for Arms, and no less than $25,000, the amount of the lowest testimony offered by the State. The jury returned a verdict for $30,000. The Arms' made a motion for a new trial based on section 93-5603(6), R.C.M. 1947. The motion was granted by Judge Freebourn and the State appeals that order.

The first issue concerns the discretion of the trial court in granting a new trial on the grounds that the evidence was insufficient to justify the verdict. The respondent cites the case of State Highway Comm'n v. Greenfield, 145 Mont. 164, 172, 399 P.2d 989, wherein we stated:

- 2 -

"We have more recently considered this matter in Campeau v. Lewis, 144 Mont. 543, 398 P.2d 960, wherein we expressed our respect for the discretion of the trial judge and our reluctance to disturb his new trial ruling. We held there, however, that this court may disturb an order granting a new trial when it appears that there was 'substantial evidence' presented to support the verdict. Of course, these remarks are confined to those instances in which the new trial was granted for insufficiency of the evidence and not for errors of law.

"Our opinion in that case was that to grant a new trial in the face of 'substantial evidence' in support of the verdict was an abuse of discretion, and we might well have termed it, as we do here, a manifest abuse of discretion."

The Court has consistently held that the evidence is not insufficient if it is substantial. Adami v. Murphy, 118 Mont. 172, 179, 164 P.2d 150. In Adami, the Court quoting from Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, held that "substantial evidence could be defined as such 'as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence.'" The evidence may be inherently weak and still be deemed substantial, and one witness may be sufficient to establish the preponderance of a case. Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308. Also, substantial evidence may conflict with other evidence presented. Win Del Ranches v. Fireman's Fund, 137 Mont. 44, 350 P.2d 581. We think these cases dealing with substantial evidence clearly outline the meaning of "insufficient evidence" in the statute.

In the instant case there were two independent appraisers each of whom arrived at an evaluation in an amount less than that found by the jury by its verdict. These appraisers were both present in court, took the stand to explain their appraisals, and submitted themselves to cross examination.

Argument is made that these appraisers were not aware that the State had paid the respondents $25,000 as shown in the

fact statement above. We know of no theory which would justify an appriaser's use of that information in arriving at fair market value. Compromises are favored by the Court. This is such a universal rule as to require no citation of authority. Offers made in an effort to compromise an action are not admissible against the party in any court action.

For the reasons expressed above, the order granting the motion for new trial is reversed, and the district court is instructed to enter judgment on the verdict.

Hon. LeRoy L. McKinnon, district judge, sitting in place of Mr. Justice John Conway Harrison.

We concur:

Chief Justice

Justices