ARTHUR C. RADER, Plaintiff and Appellant, *v.* T. E.
NICHOLLS; T. E. NICHOLLS, RAS HANSON and JOHN
E. KRAUSS, as Members of the Board of County Com-
missioners of Madison County, and Madison County, Mon-
tana, Defendants and Respondents.

No. 10319.
Submitted June 12, 1962. Decided July 11, 1962.
Rehearing denied August 1, 1962.
373 P.2d 312.

Mahan & Mahan, Helena, Thomas Mahan (argued orally), Helena, for appellant.

Poore, Poore & McKenzie, Butte, Urban L. Roth (argued orally), Butte and Chester L. Jones, Virginia City, for respondents.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of Madison County granting defendants' motion for nonsuit, dismissing the action, and awarding costs to the defendants.

The named defendants in this action were T. E. Nicholls; T. E. Nicholls, Ras Hanson, and John E. Krauss, as members of the Board of County Commissioners of Madison County, Montana; and Madison County, Montana. For purposes of simplicity they will be referred to collectively as "defendants"; T. E. Nicholls will be referred to individually as "defendant Nicholls."

This action arises out of an automobile-truck collision which occurred at approximately 9:45 A. M., June 11, 1960, a short distance south of Twin Bridges, Montana, where State Highway No. 34 is intersected at a 150°/30° angle by a dirt road maintained by Madison County. The record shows the visibility to have been excellent and the highway dry. The two vehicles involved were a dump truck driven by defendant Nicholls and owned by Madison County, and a 1959 Chevrolet driven and owned by the plaintiff. Both vehicles were traveling in the same direction; the plaintiff following. Plaintiff's approximate speed was sixty miles per hour; while defendant Nicholls was traveling approximately thirty miles per hour. When the plaintiff was within about one hundred eighty feet from overtaking defendants' truck, he commenced to pass, giving no audible signal by horn or otherwise, and while the plaintiff was in the left-hand lane and in the process of passing, defendant Nicholls

signalled and began to execute a left turn. Plaintiff applied his brakes, but failed to avoid the collision which occurred on the left-hand side of State Highway No. 34 where it intersects with the Madison County dirt road. After the presentation of plaintiff's case, the trial court granted defendants' motion for nonsuit on the following two grounds: (1) plaintiff failed to prove a sufficient case for the jury; and, (2) by his own case plaintiff proved that his contributory negligence was the proximate cause of the accident.

The sole issue presented by this case is whether, upon the facts established, recovery can be had under any reasonable view.

It has been our rule that if any one of the grounds of motion for nonsuit were well-taken, then the ruling thereon and the judgment must be sustained. Burns v. Fisher, 132 Mont. 26, 29, 313 P.2d 1044, 67 A.L.R.2d 1 (1957). In the instant case one of the grounds for the nonsuit is that by his own case, plaintiff proved himself contributorily negligent.

In this regard, the following statutes are applicable. R.C.M. 1947, § 32-2156, as amended, commands that:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions: * * *

"(2) When approaching within one hundred (100) feet of or traversing any *intersection* * * *." (Emphasis added.)

R.C.M.1947, § 32-2115, as amended, defines an intersection as:

"The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two (2) highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict * * *."

We have ruled that an intersection within the meaning of section 32-2156, supra, is formed by the joining of two ways publicly maintained, which are open to vehicular traffic. Leach v. Great Northern Railway Co., 139 Mont. 84, 360 P.2d 94, 99.

State Highway No. 34 obviously is publicly maintained, and the parties by stipulation agreed that the dirt road joining State Highway No. 34 at the scene of the collision is maintained by Madison County; hence, it also is publicly maintained. However, the plaintiff asserts that where the roads join at other than right angles, to be an intersection the vehicles must be traveling on different highways. This contention is completely without merit. It is apparent from a reading of section 32-2115, supra, that an intersection is formed when two publicly maintained ways join at any angle. Consequently, in the instant case we have an intersection and one need only peruse the photographs introduced as a part of plaintiff's case to see that the dirt road maintained by Madison County and intersecting Highway No. 34 at the scene of the collision is not an obscure, hidden country road as contended by plaintiff. To the contrary, the dirt road and intersection were plainly visible had plaintiff looked.

In clear violation of the command of section 32-2156, portions of which are quoted, supra, plaintiff Rader was driving to the left side of the roadway while ''within one hundred (100) feet of or traversing'' an intersection; therefore we must examine the consequences of such a violation. In this regard we deem our recent holding in Burns v. Fisher, 132 Mont. 26, 313 P.2d 1044 (1957), relevant and controlling. In the Burns case the deceased, for whose wrongful death the plaintiff administrator was suing, violated the provisions of R.C.M.1947, § 31-108, by failing to put out flares after his truck stalled on the highway at night. That statute like the statute violated by plaintiff Rader in the instant case was enacted to help promote safety on our highways. We held the action of the deceased in the Burns case to be negligence as a matter of law; hence, his administrator was nonsuited. In view of our holding in Burns v. Fisher, supra, and the fact that we have long been committed to the doctrine that the violation of a statute enacted for the safety of the public is negligence *per se,* (In addition to Burns

v. Fisher, supra, see Daly v. Swift & Co., 90 Mont. 52, 300 P. 265 (1931) ; Stroud v. Chicago, M. & St. P. R. Co., 75 Mont. 384, 243 P. 1089 (1926), to cite only a few.) we are led to the conclusion that if plaintiff had not been passing in a manner violative of section 32-2156, R.C.M.1947, the collision would not have occurred; hence, by his own case plaintiff proved that his contributory negligence was a proximate cause of the collision.

Since this ground of the motion for nonsuit was well-taken, no purpose would be served in discussing other contentions of plaintiff.

The judgment of the district court is affirmed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.