CHARLES RUSSELL GRAVELEY, Plaintiff and Respondent, v. HERBERT SPRINGER, Defendant and Appellant.

10879
Submitted May 9, 1965. Decided May 14, 1965.
402 P.2d 41

Lyman H. Bennett, Jr., (argued) Bozeman, for appellant.
Leif Erickson (argued), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment entered on a jury verdict for $3,095.00 awarded respondent in the district court of Gallatin County, the Honorable W. W. Lessley presiding.

Motion was made for a new trial and denied. This appeal followed.

The respondent-plaintiff Graveley, hereinafter called the respondent, was driving a 1957 Austin-Healy sports car on Highway 10, west of Bozeman on November 10, 1963.

The defendant-appellant Springer, hereinafter called the appellant, was driving a Chevrolet pickup truck on the same highway, and in the same direction.

As both west-bound cars approached the Story siding crossing, which road crossing bisects the main highway at an acute angle, i. e., coming in from a southeasterly direction, the respondent swung his car to the left to pass the appellant about 250 feet east of the unmarked intersection.

Appellant, desiring to turn left at this intersection, reduced his speed and started to the left of the centerline. Appellant admitted that he commenced his contemplated left turn about 100 feet from the crossing, that he did not signal his intention to turn and that he did not see respondent's car. The road was dry, the visibility good, and the centerline painted on the highway was broken. There were no highway markers indicating the intersection and the intersection was one between two public roads.

A collision occurred, respondent's car was extensively damaged, and he claimed personal injuries as the result of the collision.

The testimony disclosed that the book value of respondent's car at the time of the accident was $970 and testimony was adduced that additional accessories on the car brought the car to a total value of $1,558.88.

The appellant sets out five specifications of error; the first two will be discussed at length and the others will be commented on in the course of this opinion. The first specification of error is the following instruction not given by the Court, "You are instructed that, as the plaintiff [respondent] drove along U. S. Highway No. 10, it was his duty to look both straight ahead and laterally ahead of his automobile, and that he is presumed to have seen that which he could have seen by looking; if he did not see that which he must have seen had he looked, then this failure constitutes negligence, since the duty to keep a lookout includes the duty to see what is in plain sight."

Appellant contends that the above instruction should have been given the jury. He cites Autio v. Miller, 92 Mont. 150, 11 P.2d 1039, as a further reason for giving this instruction.

In the Autio case, the defendant claimed he did not see the boy struck by defendant's auto. The instruction involved the duty to keep a lookout, but in the instant case, the respondent did see the appellant's truck. He did see it crossing the centerline. He did see it crowd him, but he testified it was too late to get away or take any evasive action to avoid the collision. The instruction in this statement of fact is not applicable.

Appellant urges the case of Wollan v. Lord, 142 Mont. 498, 385 P.2d 102, as further reason for giving of the above-quoted refused instruction. In that case there were facts in evidence that warranted giving an instruction on the assumption of risk. In contrast, there is no fact situation here that could be construed as assumption of risk.

The second instruction which was refused, and which the appellant cites as error, is section 32-2156, R.C.M.1947, which

inter alia reads: "You are instructed that the law of the State of Montana provides that no vehicle shall at any time be driven to the left side of the road when approaching within 100 feet of or traversing any intersection."

This is an abstract statement of the law and appellant relies on Rader v. Nicholls, 140 Mont. 459, 373 P.2d 312, as authority for his position. The record clearly establishes that respondent was over 200 feet behind to the left of the centerline and east of appellant when he started to pass appellant and prior to the collision.

Appellant in oral argument was confronted with the case of Faucette v. Christensen, 145 Mont. 28, 400 P.2d 883, decided March 1, 1965, wherein this Court carefully harmonized Rader v. Nicholls, supra, and reconciled sections 32-2133 and 32-2156. Section 32-2133 authorizes the Montana State Highway Commission to adopt a manual and specifications for a uniform system of traffic control devices consistent with the provisions of the code regulating traffic on highways.

This court stated in the Faucette case, supra: "Thus, then this court held that the showing of a violation of a prohibitory statute was negligence per se and the proximate cause of the collision as a matter of law.

"We feel the showing in the Rader case [140 Mont. 459, 373 P.2d 312] was such as to turn, on the proximate cause, as a matter of law, but it still does not aid our first inquiry here. That is, was there any violation of law in passing here at all? We think not. * * *

"In the instant situation, a driver can follow the directions of markings and signs, and in doing so is not in violation of section 32-2156, supra."

The fact situation in the instant cause and the Faucette case are akin. The district judge was correct in refusing the instruction complained of.

Appellant also cites as error the excessiveness of the verdict in the sum of $3,095.00, contending that the value of the car

should be in the sum of $636.00. Further, that the jury speculated on the personal injury damage to respondent as no medical testimony was offered.

The jury verdict in this cause was a general verdict, in that there was no attempt made by the jury to segregate damage to the car and injury to the respondent. Neither was a segregated verdict offered nor requested.

The trial court correctly instructed the jury on the value of the car and to reasonably compensate the respondent, if it be a fact, as to pain, discomfort, fears, anxiety and other emotional distress, if any.

Appellant comlains as error that there was insufficient evidence to support the jury verdict. With uniformity this court has held that competent evidence is not insufficient if it is substantial. Adami v. Murphy, 118 Mont. 172, 164 P.2d 150; Campeau v. Lewis, 144 Mont. 543, 398 P.2d 960.

Suffice to say, respondent lost one quarter of school at Montana State University, where he was a student and suffered chest injuries, which testimony was believed by the jury.

Appellant also cites as error the failure of the trial court to grant a new trial. It has long been the rule of this court not to disturb a verdict of the jury, unless the trial court can be shown to have manifestly abused its discretion. See Tripp v. Silver Dyke Mining Co., 70 Mont. 120, 224 P. 272; State Highway Comm'n v. Barovich, 142 Mont. 191, 382 P.2d 917.

The evidence clearly preponderated in favor of the respondent and is ample to sustain both the verdict as to liability and as to the amount of damages. We note that under the instructions given either side could have prevailed. The jury returned a verdict for the respondent.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON and CASTLES and ADAIR concur.