FRANK PRESSER and ESTHER PRESSER, Plaintiffs and Appellants, *v.* GERALD ARTHUR ANDERSON, Defendant and Respondent.

FRANK PRESSER, Administrator of the Estate of Cheryl Presser, deceased, Plaintiff and Appellant, *v.* GERALD ARTHUR ANDERSON, Defendant and Respondent.

No. 10821.

Submitted September 16, 1965. Decided November 1, 1965.

407 P.2d 41.

Kline & McCormick, Glasgow, John M. Kline (argued), Glasgow, for appellants.

Cooke, Moulton, Bellingham & Longo, Billings, Fredric D. Moulton (argued), Billings, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment in favor of the defendant, involving two claims, arising out of an automobile accident that caused the death of Cheryl Presser. One action was brought by the plaintiff parents for the wrongful death of

their daughter, the other by the father as administrator of the estate of his daughter for personal injuries to her arising out of the accident. Upon motion of the defendant the actions were consolidated and tried to a jury which returned separate verdicts in each case for the defendant.

Cheryl Presser was on May 18, 1963, an 18-year-old girl employed by an insurance company in Billings, Montana. She was a high school graduate and had taken business college training prior to her employment. She was the only daughter of the plaintiffs who have four sons. The testimony given at the trial portrays a fine, intelligent, industrious young lady who by chance became acquainted with the defendant through his sister a friend of Cheryl's at the Billings Business College.

At the time of the accident he was a young man of 22 years. He, too, was a high school graduate and was employed by the National Cash Register Company in an apprenticeship training program. On the evening of May 18th he had a date with Cheryl and drove his car over to get her between the hours of 7:30 P. M. and 8:00 P. M.

The testimony reveals that it had been raining off and on during the day and that the defendant had used the windshield wipers when he drove over to get Cheryl. Concerning the wipers he testified that he had repaired them some days before and that they had worked alright after the repair job. According to the defendant he stayed a short time at Cheryl's address and they then got into his car to drive over to spend the evening with some friends of Cheryl. The route chosen by the defendant took the couple down Yellowstone Avenue, a dead end street, that requires travelers to turn either left or right when it intersects Division street. According to the defendant's testimony as he was driving down Yellowstone Avenue the windshield wiper on his side of the car stopped working and though it was raining his visibility was about two blocks. He decided to continue on to a service station where the wiper could be fixed and his car filled. He drove right across Division Avenue, up over a curb, hitting a street light, finally

colliding with a large tree located in a park. Striking the tree apparently threw Cheryl into the windshield for there was a hole in the windshield on her side of the car. While denied by the defendant, the facts showed that Cheryl lived a short time after the accident though the transcript fails to reveal when the actual time of death occurred.

Just prior to the accident the defendant drove by a stationary stop sign that was well lit up by a nearby street light, across Division Street and glanced off a street light, which he must have faced, and into the tree. His excuse was that though he was aware that Division Street intersected Yellowstone Avenue and that there was a compulsory stop at the termination of Yellowstone Avenue, he became confused at where he was when the wiper stopped and thought he had another block to go before coming to the stop sign. He testified that he never saw the stop sign or the street light to his right just before entering Division Street, he didn't see the street light located in the park and directly in front of him, nor did he see the Park or the tree. His estimate of speed was approximately fifteen miles per hour and there was no one to contradict this testimony. The defendant suffered a possible collapsed lung, severe chest injuries and a cut lip. The car was not repairable after the accident.

The plaintiff sets forth seven specifications of error. In our discussion of these specifications we will combine certain specifications due to the fact they cover five basic problems which will be handled separately.

The first two relate to the court giving instructions on contributory negligence, next the giving of contradictory instructions, next the refusal to give certain plaintiffs' instructions concerning the effect of the violation of statutes and ordinances, and last the court's failure to grant a new trial.

■■ The trial court, over the plaintiffs' objection, gave two instructions, Nos. 16 and 17, bringing into the case contributory negligence. These instructions read as follows:

"INSTRUCTION NO. 16. You are instructed that contribu-

tory negligence is such an act or omission on the part of Cheryl Presser amounting to a want of ordinary care as, concurring or cooperating with the negligent act of the defendant is a proximate cause or occasion of the accident complained of.

"INSTRUCTION NO. 17. On the issue of contributory negligence, if any, of Cheryl Presser, you are instructed that her negligence, if any, if it was a proximate cause of the accident, would be a complete defense to this action brought by her.

"You are instructed, however, that any negligent act or omission of Cheryl Presser, which may have contributed remotely to her injury and death, would not be such defense if it was not an immediate and proximate cause of the accident."

The record in this case is bare of any evidence that would call for any instructions on contributory negligence on the part of the plaintiff-deceased. While generally the question of contributory negligence is a question of fact, and therefore one to be determined by a jury, this court has often held that "it is only when but one reasonable conclusion can be reached from the facts that the court will determine the question as a matter of law." Ratzburg v. Foster, 144 Mont. 521, 398 P.2d 458; Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917; Green v. Wolff, 140 Mont. 413, 372 P.2d 427. Certainly the facts in this case clearly show that the trial judge should have ruled as a matter of law on the question of contributory negligence, and not let the matter confuse the jury.

Justice Cheadle writing for this court in Adami v. Murphy, 118 Mont. 172, 164 P.2d 150, said concerning an automobile collision case: "Unfortunately we cannot probe the mental processes employed by the jury in arriving at the verdict. It may have concluded, with respect to plaintiff's cause of action; either (1) that the defendant was not negligent; (2) that the defendant was negligent, but his negligence was not the proximate cause of the collision; or (3) that both parties were negligent, but that plaintiff's contributory negligence was the proximate cause of the collision. Since we have found that there was a failure of proof of either primary or contributory negligence

on the part of the plaintiff, we must hold that the question of negligence on her part was improperly submitted to the jury, and might well have influenced it to plaintiff's prejudice." The same can be said of this case.

We are of the opinion that it was reversible error for the trial judge to have overruled plaintiffs' timely and proper objections to instructions Nos. 16 and 17, for these instructions on a most material issue were highly prejudicial to the plaintiffs, causing the jury to be improperly instructed on the law of the case, misled and confused the jury and prevented the plaintiffs from having a fair trial.

 The second specification for consideration concerns itself with court's instruction No. 29. It reads as follows:

"INSTRUCTION NO. 29. Violation of a statute or ordinance governing the operation of vehicles on a public street is not necessarily negligence in and of itself, but is evidence of negligence to be considered with all the other circumstances in the case. Such statutes and ordinances are not intended to provide an exclusive and hard and fast rule applicable to all hazards and in all situations, regardless of actual conditions.

"You are instructed that if defendant negligently violated a statute or ordinance governing the movement of vehicles on a street in Billings, such violation, if any, is prima facie evidence of negligence on his part, and unless reasonable justification appears for his conduct, you must find defendant negligent because of such violation, if any.

"Therefore, if you find that defendant violated such statute or ordinance, but that such violation occurred without being caused by negligence on his part, then such violation is not any evidence of negligence, and would not support a verdict in favor of the plaintiff."

Prior court instructions 11, 12 and 13 had instructed the jury that violation of certain laws and ordinances was "negligence as a matter of law" and when read along with this Instruction 29 they are told that such a violation "is prima facie

evidence of negligence." Such an instruction is confusing and contradictory and should not have been given.

In addition the last paragraph of the instruction leads to further confusion, is not the law of Montana and prejudicial to the rights of the plaintiffs getting a fair trial. Bennett v. Dodgson, 129 Mont. 228, 284 P.2d 990; Skelton v. Great Northern Ry. Co., 110 Mont. 257, 100 P.2d 929; Hageman v. Arnold, 79 Mont. 91, 234 P. 1070.

In view of the fact that this case must be returned to the district court for retrial we will discuss individually the court's failure to give certain plaintiffs' instructions.

During the course of the trial the court allowed plaintiffs to amend their complaint so as to permit the admission of certain traffic ordinances of the City of Billings to be admitted into evidence. These ordinances were put into individual instructions and were refused by the trial judge.

Plaintiffs' proposed instruction No. 30 reads:

"You are instructed that by Sec. 31-130 and Sec. 21-132 of the Billings Traffic Code the traffic engineer of the city of Billings has the right to install traffic control signs.

"The city of Billings, through its traffic engineer, placed prior to May 3, 1963, on the south side of Yellowstone Avenue in the boulevard not far distant from where Yellowstone Avenue crosses Division Street, a stop sign. That this stop sign complied with the regulations and rules of the state of Montana and the city of Billings concerning size, shape and placing of such stop sign, and the same was clearly visible.

"That under Sec. 21-137 of the Billings Traffic Code the driver of any vehicle heading in an easterly direction on Yellowstone Avenue at the point and place where it joins Division Street, is required to stop prior to entering the intersection of Yellowstone Avenue and Division Street.

"That a failure to so stop is ordinary negligence."

Plaintiffs' proposed instruction No. 33 reads:

"The law of Montana provides as follows:

"That upon roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:

"1. When overtaking and passing another vehicle proceeding the same direction under the rules governing such movement;

"2. When the right half of a roadway is closed to traffic while under construction or repair;

"3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

"4. Upon a roadway designated and signposted for one-way traffic.

"That the vehicle involved in this action does not come within any of the exceptions wherein and whereunder a person can drive the vehicle not upon the righthand side of the road.

"That the violation of the foregoing statute is negligence as a matter of law."

This instruction in the form given is confusing and the trial court was correct in refusing it.

Plaintiffs' proposed Instruction No. 29 reads:

"You are instructed that a driver of a vehicle shall under Sec. 21-1-191 of the Traffic Codes of the City of Billings not drive a vehicle within any sidewalk area except at a permanent or temporary driveway.

"That a violation of this section is ordinary negligence as a matter of law."

Concerning the trial court's failure to give Instruction No. 30, we must agree with the plaintiff that failure to give this instruction was error. Faucette v. Christensen, 145 Mont. 28, 400 P.2d 883; Rader v. Nicholls, 140 Mont. 459, 373 P.2d 312.

Concerning plaintiffs' proposed Instruction No. 29, it had no application in this case and we agree with the trial court's refusal to give the instruction.

In view of the fact that the case must be returned for a new trial it is unnecessary to cover the plaintiffs' last specification of error.

The judgment of the district court is reversed and the cause returned for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.