RHODA HANSON, Plaintiff and Appellant, v. ROLAND
V. COLGROVE, Defendant and Respondent.

No. 11488.

Decided December 2, 1968. Rehearing denied December 18, 1968.

447 P.2d 486.

162

Hutton, Schiltz & Sheehy, Billings, John C. Sheehy (argued), Billings, Kenneth R. Wilson, Miles City, for appellant.

Lucas & Jardine, Thomas M. Monaghan, Miles City, James Lucas (argued), Miles City, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by plaintiff from a judgment for defendant in a "slip-and-fall" case involving an icy sidewalk in Miles City. The case was tried by jury in the district court of Custer County before the Honorable A. B. Martin, district judge.

The principal question upon this appeal is whether the defenses of assumption of risk and contributory negligence should have been submitted to the jury. The trial judge ruled they should. We agree.

The accident forming the basis of this suit occurred about 5:00 p. m. on March 7, 1966 on a sidewalk connecting an apartment house and the rear door of an office building. The apartment house, the office building, and the land on which the sidewalk was constructed were owned by defendant Roland V. Colgrove. Plaintiff Rhoda Hanson, the wife of a tenant in the office building, had been in a massage parlor in the apartment building and she was walking along the sidewalk preparatory to entering the office building through the rear door. As she reached the corner of the office building, she slipped and fell on an accumulation of ice on the sidewalk at the base of a downspout draining the roof gutters

of the office building. She was injured in the fall and subsequently sued defendant.

Prior to trial, defendant admitted (1) plaintiff's status as a business invitee on the premises, (2) defendant's negligence, (3) that defendant's negligence was the proximate cause of the accident, and (4) that plaintiff suffered a broken sacrum from the accident and incurred medical expenses in an undetermined amount. Defendant contended that plaintiff's claim for relief was barred by her assumption of risk and contributory negligence.

At the conclusion of all the testimony at the trial, plaintiff, by various motions, sought to remove the defenses of assumption of risk and contributory negligence from the jury's consideration. The trial judge denied plaintiff's motions, submitted these defenses to the jury, and the jury returned a verdict for defendant. Judgment was entered thereon and plaintiff's motion for new trial was denied. This appeal is from the judgment.

The issues assigned for review upon this appeal can be summarized in the following manner: (1) Should the defenses of assumption of risk and contributory negligence have been submitted to the jury? (2) Denial of plaintiff's request for additional time for final argument. (3) Refusal to permit cross-examination of defendant's expert medical witness on statements contained in a medical textbook. (4) The giving or refusal of 10 jury instructions.

The principal issue on this appeal is the submission to the jury of the defenses of assumption of risk and contributory negligence. Broadly speaking, plaintiff contends that there is no evidentiary basis for either defense, that she was entitled to judgment as a matter of law on the issue of liability, and that only the question of damages should have been submitted to the jury.

At the outset it should be noted that absent the defenses of assumption of risk or contributory negligence, plain-

tiff is entitled to judgment as a matter of law on the issue of liability. It is equally clear that the defenses can be stricken by the court and removed from the jury's consideration only in a case where the sole reasonable conclusion that can be reached from the evidence is that the plaintiff did not assume the risk or was not contributorily negligent. Clark v. Worrall, 146 Mont. 374, 406 P.2d 822 (assumption of risk); Wollen v. Lord, 142 Mont. 498, 385 P.2d 102 (assumption of risk and contributory negligence); Presser v. Anderson, 146 Mont. 396, 407 P.2d 41 (contributory negligence).

■ Initially we direct our attention to the defense of assumption of risk. This defense requires (1) knowledge, actual or implied, of the particuler condition creating the risk, (2) appreciation of this condition as dangerous, (3) a voluntary remaining or continuing in the face of the known dangerous bcondition, and (4) injury resulting as the usual and probable consequence of the dangerous condition. D'Hooge v. McCann, 151 Mont. 353, 443 P.2d 747; Wollan v. Lord, supra. The thrust of plaintiff's argument is that there is no evidence indicating knowledge by plaintiff of the accumulation of ice on the sidewalk where she fell.

Let us examine the evidence. Plaintiff testified that the accumulation of ice on the sidewalk was hidden by a cover of snow and that she did not see it or know it was there. At the trial she testified that the accumulation of ice was "a glacier like type of thing, like an ice volcano sort of thing, and like a nest" which, according to her best recollection, was about 3 or 4 inches thick. Plaintiff admitted at the trial that she had previously indicated in her deposition taken about a month prior to trial that the accumulation of ice was "6, 8, 10" inches thick.

Plaintiff's testimony indicated a familiarity with the office building, the sidewalk, the apartment building, the parking area, and generally the entire premises in the area of the accident. Her husband had been a tenant in the office build-

ing for 8 or 9 years and in the month prior to the accident, plaintiff had been there not less than once a week and not more than 3 or 4 times a week. Plaintiff had been visiting Marie Salla's massage parlor in the apartment building on a regular weekly basis and on some of these visits she had walked from there over to the office building, entering through the back door. Plaintiff frequently used the sidewalk in question to get from the apartment building to the rear door of the office building.

Plaintiff's husband testified that he had been aware of the accumulation of ice on the sidewalk for many days prior to the accident but did not tell his wife about it.

A weather observer testified as to weather, temperature, and snow conditions prevailing generally in Miles City. His testimony indicated that the last snow fall immediately preceding the accident was 4 days previously; that there was a 13 inch accumulation of snow on the ground the day prior to the accident and when he measured it again about an hour after the accident, it was 10 inches; that the low temperature on the day of the accident was 10° above zero between 1:30 and 2:00 a. m. and the high temperature was 42° above zero about the time of the accident. He also testified there had been a "trace of rain" measuring less than 1/100th of an inch between 1 and 2 hours prior to the accident.

Plaintiff also testified that the accumulation of snow on the ground at the time of the accident had not been rapidly melting, that the snow cover remained over the ice, that she did not know of the presence of the ice until she felt it after her fall, and that snow had to be brushed off her coat following her fall.

There were no eye witnesses to plaintiff's fall other than plaintiff herself and apparently no one examined the area where she fell immediately after her fall. Aside from the testimony of plaintiff herself, the evidence touching on the accumulation of ice on the sidewalk, the snow cover, and

plaintiff's knowledge of the existence of the condition of the sidewalk where she fell is circumstantial.

In our view, this circumstantial evidence supports a reasonable conclusion that plaintiff had knowledge, either express or implied, of the accumulation of ice on the sidewalk where she fell and appreciation of this condition as dangerous; that notwithstanding she voluntarily used the sidewalk and was injured.

It is reasonably clear that whatever snow was on the ground had been melting for some time prior to the accident. Three inches of snow had melted in approximately the preceding 24 hours. The "trace of rain" earlier in the afternoon indicates above freezing temperature.

It is equally clear that there was snow on the roof of the heated office building and that it was melting, not only because of general "thawing" conditions in the area, but also because of heat in the office building. The water produced from this melting snow on the roof had only one place to go—downward along the slope of the roof, into the drain gutters, and thence into the downspout where it discharged upon whatever snow and ice existed on the sidewalk at the site of plaintiff's fall. From this a reasonable conclusion is possible that the considerable quantity of water discharged at the site of plaintiff's fall exposed the accumulation of ice to plaintiff's view.

Other evidence supports the same reasonable conclusion. Plaintiff was familiar with the entire area where the accident occurred. She used the sidewalk frequently to enter the back door of the office building. Other occupants of the office building knew of the accumulation of ice on the sidewalk at the base of the downspout, specifically plaintiff's husband and Elizabeth McCourt. It was a long established winter condition of the premises. Plaintiff frequented the entire area regularly. Under such circumstances, it could reasonably

be concluded that plaintiff knew of its existence and used the sidewalk anyway.

For the foregoing reasons, more than one reasonable conclusion is possible concerning whether plaintiff assumed the risk of a known dangerous condition. Accordingly, Judge Martin was correct in submitting this defense to the jury.

Much the same analysis and conclusion is applicable to the defense of contributory negligence. The supporting evidence on this defense is even stronger. While knowledge, actual or implied, of the condition and appreciation of its danger is essential to assumption of risk under the authorities previously cited, negligence in discovering the condition and appreciation of its dangerous character proximately causing the accident is sufficient to establish contributory negligence. Clark v. Worrall, supra; Zimmer v. California Company, 174 F.Supp. 757; Lake v. Emigh, 118 Mont. 325, 167 P.2d 575. In the instant case, it could reasonably be concluded from the evidence that although plaintiff had no knowledge of the accumulation of ice on the sidewalk and hence no appreciation of the danger, she was negligent in failing to discover the same and avoid the danger under the circumstances disclosed by the evidence. Contributory negligence was abundantly established as a jury issue on this basis as well as in the other particulars equally applicable to assumption of risk. The defense of contributory negligence was properly submitted to the jury.

The next issue raised by plaintiff is the refusal of the trial court to grant her one hour and a half for final argument. Instead, the court granted her one hour. Plaintiff contends this was insufficient time in view of the fact that the defenses of assumption of risk and contributory negligence were submitted to the jury as well as the question of damages. Plaintiff makes no showing that additional time was necessary beyond a bare statement that "the case had

reached a degree of complexity both on evidence and defenses, which required extended discussion to the jury".

The determination of the amount of time allowed for final argument is in the discretion of the trial court. Error cannot be predicated thereon in the absence of a showing of abuse of discretion. An allowance of one hour to each counsel for final argument is a common practice in Montana trial courts, in many by specific court rule. We see nothing unusual about this case requiring additional time. This assignment of error is without merit.

The next issue assigned for review is, the refusal of the trial court to permit plaintiff's counsel to cross-examine defendant's expect medical witness on statements contained in a medical treatise with which the witness stated he was not familiar. This issue is not germane to determination of this appeal. It goes wholly to the issue of damages which was foreclosed by jury verdict for defendant on the issue of liability. Whether the ruling of the trial court was right or wrong, it cannot affect a verdict finding no liability on the part of defendant.

The final issue assigned for review is the giving or refusal of 10 jury instructions. We note that 4 of these jury instructions relate to the issue of damages which is immaterial to determination of this appeal. We have carefully examined the remaining 6 instructions and find that the court's rulings thereon were correct. We deem it unnecessary to discuss each of these in this opinion as they involve nothing more than routine rulings on established law.

We have examined all the other arguments and claims of error advanced by plaintiff, and particularly what she denominates as "Specification of Error No. 2", and find them to be wholly without merit.

In summary, this is a case where there is conflicting evidence of a substantial nature which would sustain a verdict either for plaintiff or defendant. This conflicting evidence

was submitted to a jury under proper instructions on the law. The jury, by unanimous verdict, resolved these conflicts in favor of defendant. We will not disturb such verdict or the judgment entered thereon under these circumstances.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON, concur.