MILKA JANKOVICH, Plaintiff and Respondent, v. WILLIAM NEILL, Defendant and Appellant.
No. 11620.
Submitted June 12, 1969.
Decided July 15, 1969.
457 P.2d 475.

Anderson, Symmes, Forbe, Peete & Brown, Weymouth D. Symmes and Sam Haddon, argued, Billings, for appellant.

Colgrove & Brown, Roland V. Colgrove, argued, Miles City, Hughes & Bennett, Michael J. Hughes, argued, Helena, for respondent.

MR. JUSTICE BONNER delivered the Opinion of the Court.

This is an appeal by the defendant, William Neill, in a personal injury action from an order of the district court of Rosebud County, Hon. Alfred B. Coate, district judge, presiding. The order granted plaintiff, Milka Jankovich, a new trial, after the jury returned a verdict for the defendant, on the ground that the giving of an instruction on assumption of risk was an error in law.

The action arose from a car-pedestrian collision in Billings, Montana, in which the plaintiff received severe injuries after being struck by defendant's pickup truck. In his answer, defendant alleged an affirmative defense that there had been an assumption of risk by the plaintiff. The trial court instructed the jury as to the law of assumption of risk and after the verdict was rendered, granted plaintiff's motion for a new trial on the ground that such instruction was error in law.

The primary question which this Court must answer is— did the trial court abuse its discretion in allowing a new trial to the plaintiff because of the instruction on assumption of risk having been given? The answer to this question must be in the negative.

Although the facts are somewhat in dispute, it appears that the plaintiff, a 61 year old widow, was either about to cross or was in the process of crossing, a relatively busy four lane thoroughfare at an intersection within a crosswalk. There were no mechanical signals directing traffic other than a pedestrian crossing sign and painted stripes upon the pavement. Several cars had stopped or were stopping to allow plaintiff to cross. The defendant, in his pickup, stopped momentarily behind two other cars in the inside lane, then backed up, pulled into the outside lane and, upon crossing the intersection, struck the

plaintiff with a rear view mirror which protruded some 10 inches from the side of the pickup. Witnesses testified that defendant was traveling at an aprpoximate speed of from 20 to 25 miles per hour when the plaintiff was struck.

This Court had occasion to discuss the defense of assumption of risk and the elements thereof as recently as 1968 in the case of Hanson v. Colgrove, 152 Mont. 161, 447 P.2d 486. In that case we stated:

"This defense requires (1) knowledge, actual or implied, of the particular condition creating the risk, (2) appreciation of this condition as dangerous, (3) a voluntary remaining or continuing in the face of the known dangerous condition, and (4) injury resulting as the usual and probable consequence of the dangerous condition."

The defendant argues that the plaintiff violated a city ordinance by suddenly leaving the curb and walking into the path of his vehicle which was so close to plaintiff it was impossible for him to yield.

In examining the evidence we find plaintiff testified that while standing at the curb she looked to her left and saw two cars stopped for her. She also looked to the right and saw one car stopped. This was all she remembered. The defendant testified that while driving in the left hand lane he came upon two cars stopped at the intersection. He stopped momentarily, backed up and proceeded across the intersection in the right hand lane, not seeing the plaintiff until just before the mirror struck her. He further stated that she was on the curb when she was struck. Other witnesses testified they had seen the plaintiff and had stopped for her to cross. One witness testified he had motioned for her to cross. Section 21-178 of a Billings municipal ordinance, which is identical to section 32-2177, R.C.M.1947, provides in part:

" (b) Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle

approaching from the rear shall not overtake and pass such stopped vehicle.''

This ordinance would govern the conduct of the parties at this intersection. It appears here that defendant did in fact overtake and pass two vehicles stopped at a marked crosswalk for a pedestrian—the plaintiff.

From the foregoing it can be found there was neither actual nor implied knowledge by the plaintiff of the particular condition creating the risk. Thus the trial court was in error in allowing the instruction on assumption of risk to go to the jury.

The granting of a new trial is statutory in nature and completely within the trial court's discretion. Rule 59(a), M.R. Civ.P., in pertinent part, states:

''A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the state of Montana * * *''.

Section 93-5603, R.C.M.1947, provides in part:

''The former verdict * * * may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: * * *

''(7) Error in law, occurring at the trial and excepted to by the party making the application; * * *''.

This Court has long held, in considering the trial court's action regarding motions for a new trial, that the granting of a new trial is within the sound discretion of the trial court. If the new trial is granted, the order thereon will be reversed only for manifest abuse of that discretion. Benner v. B. F. Goodrich Co., 150 Mont. 97, 430 P.2d 648; Estate of Maricich, 145 Mont. 146, 400 P.2d 873; Herren v. Hawks, 139 Mont. 440, 365 P.2d 641.

Defendant contends the trial judge did not exercise ''sound discretion'' in granting the motion. Even were this true, it is far from a ''manifest abuse'' of discretion.

We have examined all of the other arguments and claims of

the defendant and in our view none would arise on the new trial and no necessity exists for consideration thereof.

The order of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, JOHN CONWAY HARRISON and CASTLES, concur.