No. 12364

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

ALFRED L. BECK,

Plaintiff and Respondent,

-vs-

SHERMAN MUSIC COMPANY, INC., and
RICHARD KELLOG,

Defendants and Appellants.

---

Appeal from: District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellants:

Clayton R. Herron argued, Helena, Montana

For Respondent:

William J. Krutzfeldt argued, Miles City, Montana
Gene Huntley argued, Baker, Montana

---

Submitted: December 3, 1973

Decided: JAN 30 1974

Filed: JAN 30 1974

Thomas J. Kearney
Clerk

Hon. Robert Boyd, District Judge, delivered the Opinion of the Court.

This is an appeal from a judgment in favor of plaintiff Alfred L. Beck and against defendant Sherman Music Company, Inc., for personal injuries alleged to have been suffered by plaintiff while he was on the premises of defendant as an invitee. Defendant subsequently made a motion for new trial and judgment notwithstanding the verdict, which was denied. Defendant appeals.

Hereinafter plaintiff will be referred to in this opinion as Beck and defendant as Sherman Music.

Beck, a self-employed independent painting contractor, entered into an agreement with Sherman Music to do the painting necessary to remodel a building owned by Sherman Music from a tavern to a music store. On the day of the accident Beck had started the painting job about 9:30 a.m. Between 3:00 and 3:30 p.m. he went into the ladies restroom located toward the rear of the building and washed up, including his paint brushes. He then took his brushes with him and left the premises.

At this particular stage in the remodeling process the entire front of the building had been removed, including the doors and windows. When he left the Sherman Music premises Beck went to a food store, bought some groceries and then returned to his combined residence and paint shop. While there he noticed his wrist watch was missing and he believed he had left the watch in the restroom after washing up. He returned to the premises to pick up his watch, arriving there at approximately 4:40 p.m. The only person in the area was a cement finisher who was working on the sidewalk at the front entrance to the building.

At this time the only light in the building was natural light coming from the open front of the building which faced west. When Beck had previously been in the building the ladies restroom had been lighted, but at this time there were no lights on in the area outside the ladies restroom door. In the hallway in the area to which Beck's attention was directed were three doorways, one

for the ladies restroom, one for the basement stairway and the third for the men's restroom. Beck opened the first door he came to in the hallway, believing it to be the ladies restroom. It was dark so he reached in, flipped a light switch, and stepped over the threshold. When he stepped over the threshold he fell down the flight of steps to the basement and was injured. The stairway leading to the basement was extremely steep with a very narrow landing at the top of the stairs.

It appeared that Beck was familiar with the premises both from his work earlier in the day and by reason of visits to the premises over a period of several years when it was occupied as a liquor establishment.

Beck testified that when he walked through the hallway and through the door he did not light any matches in the hallway or doorway or provide any artificial light. At the close of plaintiff's evidence and again at the close of the case, defendant made motions for directed verdict on the grounds that plaintiff was a licensee, not an invitee; that no wilful or wanton negligence was shown, and that plaintiff was guilty of contributory negligence as a matter of law. Thereupon, over defendant's objection, the court instructed that plaintiff was an invitee, as a matter of law, and submitted the questions of contributory negligence and assumption of risk to the jury for determination as a question of fact. Verdict was rendered for plaintiff and defendant subsequently moved for a new trial and judgment notwithstanding the verdict. From the ruling denying defendant's motion and from the judgment, defendant appeals.

The first question to be determined is whether or not the district court erred in holding that Beck was an invitee as a matter of law.

It is conceded by Sherman Music that Beck's 9:30 to 3:30 visit to, and presence on, the premises was for the purpose of carrying out the painting duties which he had contracted to perform

and during that period he was an invitee or business visitor. However, defendant contends the second or 5:00 p.m. visit to the premises that day was for the purpose of retrieving his watch which he had left in the washroom during his clean-up operation. A new visit and entry upon the premises took place at 5:00 p.m. On this basis, defendant contends that at the time of the accident Beck could have been nothing other than a bare licensee. Sherman Music relies heavily on Hickman v. First National Bank of Great Falls, 112 Mont. 398, 117 P.2d 275, wherein this Court held that the status of a person entering upon the property of another pursuant to an invitation may lose his status as an invitee and become a mere licensee by virtue of his conduct thereafter.

We agree that Beck's presence on the premises was that of a business visitor or invitee. The controlling element in this fact situation is whether or not Beck was invited or permitted to go to that portion of the premises where he suffered his injuries. If at the time and place he was not privileged to be on the premises, then he would be a trespasser.

From the facts disclosed by the record, Beck was an invitee by virtue of his contract of employment. As such he did not become a trespasser merely because his injury occurred while he was not in the act of painting. He was entitled to such other parts of the premises as were necessary or reasonably incidental to the work he was required to perform. Beck was entitled not only to use the area where he was actually carrying on his work, but was also entitled, without losing his status as an invitee, to use such other places on the premises as would have some reasonable connection with his work of painting. Under the facts there can be no doubt that Beck's return to the premises for the purpose of retrieving his watch was reasonably connected with his work. It was closely interrelated with the proper performance of his work and was in fact a tool necessary to his proper functioning as an independent contractor. Therefore the district court was correct in holding, as a matter of law, that at the time of the accident, Beck was an invitee on the premises of Sherman Music.

Defendant Sherman Music next asserts the trial court should have found as a matter of law that Beck had assumed the risk and was guilty of contributory negligence. Both doctrines were submitted to the jury under proper instructions as questions of fact and rejected by the jury in its verdict.

As to the assumption of risk, as previously noted, Beck had a degree of familiarity with the restroom area by reason of his use, as a prior patron, and in his washing chores following his work shift. Nowhere in the record does it appear that Beck was aware of or knew of the location of a stairway, or even of the existence of a basement under the building.

If a question does exist as to assumption of risk it is whether there was sufficient evidence upon which to submit the question to the jury, let alone take the question from the jury. We here follow the rule as set forth in Wollan v. Lord, 142 Mont. 498, 503, 385 P.2d 102, which states:

> "In order to charge the servant with assuming a risk, four elements must be proved by a master: (1) knowledge, actual or implied, of the particular condition; (2) appreciation of this condition as dangerous; (3) a voluntary remaining or continuing in the face of the known dangerous condition; (4) injury resulting as the usual and probable consequences of this dangerous condition."

See also: D'Hooge v. McCann, 151 Mont. 353, 443 P.2d 747; Hanson v. Colgrove, 152 Mont. 161, 447 P.2d 486; Dean v. First National Bank, 152 Mont. 474, 452 P.2d 402; Restatement of Torts 2d, § 496(D).

We find no knowledge of the existence of the risk nor any appreciation of its unreasonable character on the part of Beck. In the light of Instruction No. 21, we believe the district court correctly instructed the jury as to the defense of assumption of risk and that at best the defense presented a question of fact and not of law.

As in most cases of this type, the defenses of assumption of risk and contributory negligence tend to overlap, and the same kind of conduct frequently is given either name, or both. In theory the distinction between the two is the assumption of risk

rests upon the voluntary consent of the plaintiff to encounter the risk, while contributory negligence rests upon his failure to exercise the care of a reasonable man for his own protection.

Defendant's position in this matter would seem to be that by reason of Beck proceeding as he did into the dimly lit hallway area and stepping through the doorway leading down the stairs, that he was contributorily negligent per se. The better rule is stated in 22 ALR3d 286, 292:

> "Proceeding in the dark is not contributory negligence per se, and the proceeding in the dark cases are no exception to the general rule that the contributory negligence issue is a question of law only when the plaintiff's negligence is so clearly established that reasonable minds can reach no other conclusion."

This rule has been followed in Montana for many years. Bennetts v. Silver Bow Amusement Co., 65 Mont. 340, 211 P. 336; Gray v. Fox West Coast Service Corp., 93 Mont. 397, 18 P.2d 797; McCartan v. Park Butte Theater Co., 103 Mont. 342, 62 P.2d 338; Ahlquist v. Mulvaney Realty Co., 116 Mont. 6, 152 P.2d 137; 62 Am Jur 2d, Premises Liability, § 308.

The district court properly submitted the question of contributory negligence to the jury and the judgment is affirmed.

_____
District Judge, sitting for Mr. Justice Castles.

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 6 -