MR. JUSTICE HUNT,
dissenting:
I respectfully dissent. Here, the trial court had before it, evidence upon which it could base a verdict concerning the issue of damages. For example, B.M. was required to repeat one year in school, an item of damages which we have previously ruled as compensable. Gravely v. Springer (1965), 145 Mont. 486, 490, 402 P.2d 41, 43; she regressed developmentally by refusing to feed and dress herself; she was called a “retard” at school, was taunted about flunking, and suffered emotional insecurity.
Even though a judgment for damages must be supported by evidence that is not the product of mere guess or speculation, this Court has ruled that recovery of damages will not be denied, even if the mathematical precision of the figure is challenged, provided the evidence is sufficient to afford a reasonable basis for determining the specific amount awarded. Cremer v. Cremer Rodeo Land and Livestock Co. (Mont. 1981), 627 P.2d 1199, 1202, 38 St.Rep. 574, 578.
The law requires only that the trier of fact exercise calm and reasonable judgment, and the amount of the award rests of necessity in the sound discretion of the trier of fact. When there is strong evidence of the fact of damage, the defendant should not escape liability because the amount of damage cannot be proven with precision. Jarussi v. Board of Trustees, etc. (Mont. 1983), [204 Mont. 131,] 664 P.2d 316, 318, 40 St. Rep. 720, 723.
The majority has cited Titeca v. State (Mont. 1981), 634 P.2d 1156, 38 St.Rep. 1533 for the proposition that damages which are purely speculative can be properly defeated by summary judgment. While that point is true, Titeca is inapposite. There, Titeca proved no damage, did not suffer a loss of property, did not show liability, and failed to advance any viable theory of recovery. Here, however, counsel for B.M. did allege irreparable damages in the complaint and requested a specific monetary award. The District Court erroneously ruled that evidence requiring skilled and professional analysis to determine the cause and extent of damage cannot be supplied by *181 a layperson, citing Ankeny v. Grunstead (1976), 170 Mont. 128, 135, 551 P.2d 1027, 1031-1032.
The District Court next erred in shifting the burden in this summary judgment action from the respondents to B.M. The burden shifts only when the record shows no genuine issue for trial. In the same depositions in which the alleged admissions occurred there is evidence wholly contrary to an admission. The “admissions” here are actually nothing more than selectively chosen, specific “yes” or “no” answers to general questions concerning B.M.’s mental and physical condition throughout a considerable period of time. In the same depositions from which these “admissions” were selected there is evidence in the form of answers to specific questions that contradicts the “admissions.” Where the record contains evidence contesting other evidence it cannot be maintained that no issue exists. The burden could not shift here because the record showed issues for trial.
There is a catch-22 situation here. The District Court rejected B.M.’s lay testimony, ruling that expert testimony was required, and none being presented, B.M. loses to summary judgment. The majority, on the other hand, holds expert testimony was not necessary, but does not recognize the lay testimony, and thus again, B.M. loses to summary judgment.